## STUCKEY, IN RE TRUST, JACOB, Appellant, v RICHMOND, TRUSTEE, Appellee.

Ohio Appeals, Second District, Madison County.

No. 159.  Decided March 4, 1947.

Herbert and Dombey, Columbus, for applicant-appellant.
Frank J. Murray, London, for defendant-appellee, Richard C. Stuckey, Jr.

### OPINION

By THE COURT:

Submitted on motion of appellant for an order enjoining Deane M. Richmond, Trustee, from carrying out the execution of the judgment of the trial court in the following respects, to wit:

(1)  In continuing the payments of $100.00 a month to Richard C. Stuckey, Jr. from the income of the trust as provided for in paragraph 3 of the judgment entry.

(2) In ordering a certified copy of said judgment entry to be filed with the Auditor of Madison County, Ohio, for the purpose of placing the name of the trustee, Deane M. Richmond, upon the tax roll and duplicate.

(3) On the grounds and for the reason that the payments made to said Richard C. Stuckey, Jr., constitute an irreparable loss to the applicant-appellant, who is the successor to all of the interests of the remainder men herein and that the placing of the judgment entry of the trial court on the records of the Auditor's Office will constitute a permanent cloud on the title of the applicant-appellant.

The court entertained oral arguments on the presentation of this motion and counsel have also filed briefs for the respective parties.

At the time of the oral presentation counsel for appellant indicated that the application for injunction should also be considered an application for the fixing of a bond under the statute to stay execution of the judgment from which the appeal is taken.

We adhere to the opinion expressed from the bench at the time of the oral presentation that, upon the facts appearing and the nature of the proceeding in the trial court and here, it is not appropriate nor required, and probably not within the purview of any applicable section of the code, that any type of injunction be granted at this juncture.

The more difficult question arises on the oral application to fix bond. In ordinary procedure it is considered a matter of right for the losing party to be permitted to give a supersedeas bond if it conforms to the statute. The bond to be fixed under this application, if at all, must be given by virtue of §12223-17 GC, which provides, insofar as applicable,

"Execution of a judgment or final order other than those enumerated in this chapter, of any judicial tribunal, * * *, may be stayed, on such terms as are prescribed by the court in which the appeal is filed, or by a judge thereof."

We had some doubt whether or not discretion was vested in the court as to the accordance to the losing party of the right to have bond fixed. Manifestly, under the case of **The Texas Building Ass'n, No. 2 v The Aurora Fire and Marine Insurance Company, 34 Oh St 291,** some discretion is vested with the court whether or not right to give the bond shall be granted. In the opinion of the cited case, however, the discretion which is discussed is that which the court would exer-

cise if it became clear and manifest that the judgment from which the appeal was prosecuted was right. **Page 293** of the opinion. Manifestly, we can not exercise this discretion in the light of the correctness or incorrectness of the judgment on review. It would seem that the only discretion to be exercised in determining whether or not a bond should be permitted is whether without such bond the losing party may suffer some material hurt or damage which could not be corrected in the event that the judgment is reversed. We then examine this question in the light of this test.

The appeal is from a judgment which is made up of separate findings of fact and law. The first paragraph of the judgment sets aside a purported deed transferring the interest of Richard C. Stuckey, Jr. to certain named grantees as being void and ordering a certified copy of the judgment entry to be presented to the Auditor of the county and recorded in the office of the Recorder of the county for the purpose of memoralizing said final judgment as it affects the title sought to be conveyed.

The third paragraph of the judgment entry provides,

"That said trustee continue to pay to Richard C. Stuckey, Jr., from the income of the trust the sum of $100.00 per month under the further order of this court."

and the fourth paragraph,

"that a certain judgment entry finding that said Richard C. Stuckey, Jr. had committed waste on the real estate described in the deed under consideration by the court be vacated in its entirety as being void."

The purpose of the bond is to prevent any action being taken under paragraph 1 and paragraph 3 of the judgment. It was asserted at the time of oral presentation that there was no purpose on the part of the trustee to act under the provisions of paragraph 1 of the judgment until final adjudication of the action was made. In any event, it is appropriate that a bond be given to preclude the possibility of any action being taken in conformity to paragraph 1.

The difficult question arises, first as to the requirement of a bond which will have the effect of discontinuing of the

monthly payments by the trustee to Richard C. Stuckey, Jr., in the sum of $100.00 each, and if a bond be given how it may in terms be made to conform to the intendment of the controlling statute.

Upon the subject the parties are in agreement that Richard C. Stuckey, Jr., is without financial resources and that if eventually it be adjudged that he had no interest in the real estate sought to be conveyed by the deed and none in the money in the hands of the trustee any money paid to him by virtue of the order could not be recovered unless the trustee was liable therefor. The liability of the trustee is indeed open to question if no steps are taken to supersede the court order as to the payment to the cestui que trust by the giving of a supersedeas bond.

It is manifest that if the $100.00 payments are withheld from Mr. Stuckey for any considerable period of time the loss to him will be difficult to measure in money. If the judgment is affirmed and payment is made to Mr. Stuckey for accruals in a lump sum, it would be difficult and highly impractical to attempt to fix the extent of his damages by reason of the delay in receiving the money. It then seems practicable that if bond be fixed as a term thereof there be some penalty attached respecting the delay in the payments.

It is also urged by appellee that there is an accumulation of assets in the hands of the trustee from which the monthly payments could be made to Mr. Stuckey which would not affect the judgment from which the appeal is taken. Upon the state of the record as it now comes to us we can not say that this is true as a matter of fact. Suffice it to say that if it is true, as to which we express no opinion, the trustee would incur no liability in making such payments to Mr. Stuckey as the bond would not reach such payments.

Upon a fair consideration of the question it is our judgment that bond should be fixed in the sum of $1000.00, conditioned, in part, that appellant shall abide and conform to any order and judgment of this court in this proceeding upon the final determination of this appeal and that, as to each $100.00 monthly payment found to be due Richard C. Stuckey, Jr., which the trustee is precluded from paying to said Richard C. Stuckey, Jr., by reason of this bond, a penalty of $25.00 liquidated damages is hereby fixed which sum the principal and surety or sureties on this bond promise and agree to pay and that, if said sum is not paid upon final affirmance, judgment may be entered against the sureties hereon for any sum due by reason of this undertaking. If, upon final judgment in this court, the judgment of the Probate Court from which the ap-

peal is taken is reversed and by reason thereof it be adjudged that said trustee is not authorized to make said monthly payments to said Richard C. Stuckey, Jr., and that he is not entitled to the same, then this obligation shall be void; otherwise it shall be and remain in full force and virtue in law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.